Gwendolyn CARMEN, Plaintiff—
Appellant,

v.

SAN FRANCISCO UNIFIED SCHOOL
DISTRICT; Jones Wong; Delores
Lemon–Thomas; Mary Twegby; Ro-
derick Hong; Cynthia Leblanc;
Dianne Lucas; Larry Rowell; United
Educators of San Francisco; Marie
Gehlen; Mary Ahyte; Kent Mitchell,
Defendants—Appellees.

No. 98–16555.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 2000.

Decided Jan. 16, 2001.

Before WOOD,[1] KLEINFELD, and
GRABER, Circuit Judges.

MEMORANDUM [2]

Gwendolyn Carmen appeals the district
court's order granting summary judgment
to her employer, San Francisco Unified
School District. She claimed that the
School District improperly discriminated
against her on the basis of race and age,
and that it violated a consent decree. Car-

---

1. The Honorable Harlington Wood, Jr., Sen-
ior Circuit Judge for the Seventh Circuit, sit-
ting by designation.

2. This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

men also claimed that the school Board unlawfully retaliated against her because she made these complaints, and we deal with that issue separately, in a published opinion filed concurrently with this memorandum.

 Carmen fails to produce specific and substantial evidence sufficient to allow a reasonable finder of fact to conclude that the reasons the School District proffers for hiring another teacher were either false or a pretext for discrimination.[3] Carmen does not dispute that Chan is a more qualified applicant for the position because she writes and speaks Cantonese and is actively pursuing her Chinese bilingual certification. Because Carmen failed to produce evidence beyond speculative testimony in her own affidavits supporting her claims, summary judgment on her Title VII claim was proper.[4] Similarly, Carmen's ADEA claim must fail because she offers no evidence in support of her claims of age discrimination.

Both Carmen's Title VII and 42 U.S.C. § 1981 claims require proof of intentional discrimination and the same standard is used to prove both claims.[5] Therefore, Carmen's § 1981 claim also fails. In addition, where a claimant fails to establish intentional discrimination for purposes of Title VII, there can be no intentional discrimination for the purposes of 42 U.S.C. § 1983.[6] Accordingly, summary judgment was proper on Carmen's § 1983 claim. Since absence of a § 1983 deprivation of rights precludes a 42 U.S.C. § 1985 claim predicated on the same grounds,[7] summary judgment was also proper with respect to Carmen's § 1985 claim. Finally, because a valid 42 U.S.C. § 1986 claim only exists where there is a valid claim under § 1985,[8] the district court properly granted summary judgment on the § 1986 claim as well.

Lastly, with respect to the alleged violation of the consent decree requiring the School District to remedy discrimination, Carmen proffered no evidence supporting the statement in her affidavit that she had "learned" that the School District was violating the decree. Therefore, the district court did not err by granting summary judgment to the School District on this claim.

AFFIRMED.

---

3. See Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir.1998).

4. See Forsberg v. Pacific N.W. Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir.1988).

5. See Gay v. Waiters' & Dairy Lunchmen's Union, 694 F.2d 531, 537 (9th Cir.1982).

6. See Sischo–Nownejad v. Merced Cmty. College Dist., 934 F.2d 1104, 1112 (9th Cir.1991).

7. See Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir.1989).

8. See McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir.1990).